MR. JUSTICE GULBRANDSON,
dissenting.
I respectfully dissent.
In my view, the Kienas decision, which the majority found to be controlling, should not be used as authority in this case. In Kienas, the claimant, who was not represented by counsel, entered into a full and final compromise settlement for a payment of $4,040, where the claim involved potential payments in excess of $115,000. The Workers’ Compensation Court refused to set aside the settlement, and on appeal, this Court, finding the case to be unique, applied *262 contract law and reversed and remanded, without discussing Section 39-71-204, and Section 39-71-2909, MCA, which limits the power of the Workers’ Compensation Court to rescind, alter, or amend an order approving a final compromise settlement. Upon rehearing Kienas, this Court considered Section 39-71-204, MCA and Section 39-71-2909, MCA, stating the following:
“Petitioner argues that the Workers’ Compensation Court had no power to alter or rescind a full and final compromise settlement agreement four years after the parties had executed the same. Section 39-71-204, MCA. However, in Kienas, the Workers’ Compensation Court did not set aside the agreement. This Court set aside the agreement. Our appellate power is not limited to Section 39-71-204 nor 39-71-2909, MCA. See section 3-2-204, MCA. (Emphasis added.)”
Kienas, 37 St.Rep. at 321.
In this case, the claimant was represented by a highly qualified, experienced attorney who presented the petition for full and final compromise settlement in July 1980, and obtained approval in August 1980. The request to reopen was not made until May 1985, more than four years after the order approving final compromise settlement.
The Workers’ Compensation Court was created by the legislature and can only act within the jurisdictional limits established by the legislature. The majority here has, in my opinion, extended the Kienas doctrine by ignoring the jurisdictional limits of Section 39-71-2909, MCA, and this Court’s opinion on rehearing Kienas.
As an additional basis for dissent, I' note that Section 28-2-409, MCA, requires an unconscious ignorance of a past or present fact, material to the contract.
For application of that Section I quote the following:
“The courts have frequently stated, as a general principle of the law of mistake, that in order to support a claim for relief the mistake relied upon must have been as to a past or existing fact, and that future developments are matters of opinion only and mistakes as to such matters cannot be the basis for relief from a contract.
“This principle has frequently been invoked in cases where an attempt was made to avoid a release allegedly executed under a mutual mistake as to the nature and extent of the releasor’s injuries, the claim usually being made that the mistake was only as to the prognosis of known injuries, and so related only to opinion. This requirement that the mistake must have been as to an existing fact *263 has also given rise in several jurisdictions to a rule that the mistake must have been as to an existing but unknown injury, and that no relief will be afforded because of a mistake as to the consequences or developments of an injury known to have existed at the time the release was executed. (Emphasis added.)”
Annot., 71 A.L.R.2d 82, 100 (1960).
In my opinion, this case should be reversed on the basis of Sollie v. Peavey Co. (Mont. 1984), [212 Mont. 197,] 686 P.2d 920, 41 St.Rep. 1684.
MR. CHIEF JUSTICE TURNAGE concurs in the foregoing dissent of MR. JUSTICE GULBRANDSON.